NOT DESIGNATED FOR PUBLICATION

No. 127,525

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PEDRO ORTEGA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SEAN M.A. HATFIELD, judge. Opinion filed February 14, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., BRUNS and PICKERING, JJ.

PER CURIAM: Pedro Ortega appeals the district court's revocation of his probation, requiring him to serve the underlying controlling prison term of 16 months. This court granted Ortega's request for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). Today we affirm the district court's ruling.

FACTUAL AND PROCEDURAL HISTORY

Ortega was on probation for a drug conviction when he pleaded guilty to one count of opiate possession in case No. 21CR1334. With a criminal history score of F,

1

both parties agreed to the low number in the sentencing grid box, 16 months, and presumptive probation. This agreement included mandatory participation in a drug treatment program, if he qualified, to run consecutive to Ortega's other case No. 19CR962. The court accepted the plea and ordered the proposed sentence in September 2022.

About two months later, Ortega's intensive supervision officer (ISO) alleged that Ortega (1) failed to report as required and his whereabouts were unknown, (2) failed to comply with mandatory alcohol or drug testing, and (3) associated with an individual of disreputable or harmful character. In late December 2022, Ortega admitted to two probation violation allegations and entered a no-contest plea to the third. Based on recommendations from Ortega's ISO, attorney, and the State, the court issued a 3-day jail sanction and extended Ortega's probation by an additional 12 months.

Then, less than two months later, a second probation violation warrant was issued. This time, Ortega's ISO alleged multiple violations of his probation terms, including: (1) failing to report as required, (2) neglecting to complete a court-mandated drug and alcohol evaluation, and (3) failing to report as ordered after his release. Additionally, all efforts to contact Ortega were unsuccessful. Serving the warrant took over a year.

At his probation violation hearing, Ortega admitted his violations and asked the court for another chance to continue his probation. He shared that, initially, he faced challenges after getting out. He was not thinking straight and had problems in the relationship with his girlfriend. Even so, he assured the district court that things were under control and much improved. He revealed that his mother had been diagnosed with cancer, expressing a desire to help and support her while also working for his father's pool installation business. After acknowledging Ortega's personal difficulties and conveying sympathy for his mother, the district court noted multiple chances were given, but Ortega consistently failed to meet probation conditions. Following the State's

recommendation, the district court revoked his probation and imposed the original 16-month prison sentence.

## ANALYSIS

On appeal, Ortega contends the district court abused its discretion in revoking probation rather than reinstating it. Ortega argues that given his individual circumstances and familial needs, his best interests would be served by remaining in the community, not incarceration.

Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentences rests with the court's discretion. A court abuses its discretion if a judicial decision is based on an error of law or fact or is otherwise arbitrary, fanciful, or unreasonable. As the party contending the court abused its discretion, Ortega bears the burden of establishing such abuse. See *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

Ortega has not identified a legal or factual error committed by the district court. He contends only that the district court acted unreasonably by failing to consider his individual circumstances and familial needs.

The district court acknowledged Ortega's personal and familial difficulties. Yet, the court noted that Ortega had been given a chance when he violated his probation earlier. Yet, at every turn Ortega had failed to demonstrate his amenability to probation. This statement and the conclusion that Ortega had already been given chances but failed, was supported by the evidence. The decision to revoke probation and impose the underlying sentence, with credit for time served, reflects a reasonable and measured response to repeated noncompliance.

3

Under the circumstances presented here, Ortega has not carried his burden of establishing the district court's decision to revoke his probation was unreasonable.

Affirmed.